UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER SEAMAN, ET AL.                                                           PLAINTIFFS


v.                                                                      CIVIL ACTION NO. 3:14-CV-00823-CRS


SAFE AUTO INSURANCE COMPANY                                                            DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs Christopher Seaman and Francis D. Hagan's motion to remand (DN 7) and Defendant Safe Auto Insurance Co.'s ("Safe Auto") motion for leave to file a surreply (DN 14). Plaintiffs first urge the Court to decline to entertain this action as it involves claims for declaratory relief. In the alternative, they argue that the case constitutes a direct action falling outside of the Court's subject matter jurisdiction. For the following reasons, the Court will deny Plaintiffs' motion to remand (DN 7), and it will grant Safe Auto's motion for leave to file a surreply (DN 14).[1]

**I.     BACKGROUND**

On May 30, 2012, Hagan injured Seaman in a motor vehicle collision. (Compl., DN 1-1, ¶ 5.) When the collision occurred, Hagan allegedly held insurance coverage under a policy issued by Safe Auto. (Compl., DN 1-1, ¶ 7.) Safe Auto, however, asserted that Hagan's policy was not in effect, and it denied coverage for Seaman's injuries. (Compl., DN 1-1, ¶ 10.)

Seaman brought suit against Hagan to recover for his injuries in Nelson County Circuit Court. (Compl., DN 1-1, ¶¶ 20–21.) On September 3, 2014, the state court entered a judgment

---

[1] Safe Auto requests leave to file a surreply (DN 14). Plaintiffs object to this motion, but the Court will benefit from considering the complete arguments of the parties. Therefore, the Court will grant Safe Auto's motion. The Court reviewed Safe Auto's surreply in ruling on Plaintiffs' motion to remand (DN 7).

-1-

against Hagan in which he stipulated to liability and damages. (Judgment, DN 12-2.) The judgment entitles Seaman to $57,889.21 for medical expenses; $15,000.00 for lost income; and $525,000.00 for pain and suffering. (Judgment, DN 12-2.)

On October 27, 2014, Seaman and Hagan filed this lawsuit against Safe Auto in Nelson County Circuit Court. (Compl., DN 1-1.) Plaintiffs allege that Safe Auto's denial of insurance coverage amounted to breach of contract; bad faith; and violations of the Kentucky Consumer Protection Act, the Kentucky Unfair Claims Settlement Practices Act, and the Kentucky Motor Vehicle Reparations Act. (Compl., DN 1-1, ¶ 14.)

Safe Auto removed the action to this Court, citing diversity of citizenship as the sole ground for subject matter jurisdiction. (Notice of Removal, DN 1, ¶ 7.) Plaintiffs now move to remand based on the Court's discretion to hear claims for declaratory relief, or in the alternative, they argue that the case is a direct action over which subject matter jurisdiction does not exist.

## II. DISCUSSION

### A. Direct Action

Plaintiffs contend that this case involves a direct action under 28 U.S.C. § 1332(c)(1), eliminating the diversity of citizenship necessary for subject matter jurisdiction. Though raised as an alternative, Plaintiffs' direct-action argument casts doubt on the Court's authority to hear the case and pronounce the law. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). As a threshold matter, the Court will resolve that jurisdictional doubt before considering its discretion to entertain requests for declaratory relief. *See id.*

The general removal statute allows the defendant or defendants to remove a civil action from state court to federal district court when that action could have been brought originally in

federal district court. 28 U.S.C. § 1441(a). As the removing defendant, Safe Auto bears the burden of establishing subject matter jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). If subject matter jurisdiction is lacking, this removed action must be remanded to state court. 28 U.S.C. § 1447(c). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Safe Auto asserts that the Court holds subject matter jurisdiction based on diversity of citizenship. Diversity jurisdiction exists in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." *Id.* § 1332(a). The language of § 1332(a) requires complete diversity of citizenship, meaning the statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *accord Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806). At first glance, Plaintiffs and Safe Auto share no common state citizenship. Seaman and Hagan are citizens of Kentucky,[2] and Safe Auto is an Ohio corporation with its principal place of business "in a state other than Kentucky."[3] (Notice of Removal, DN 1, ¶ 4–5.)

But Plaintiffs attack complete diversity by arguing that their lawsuit comes within the direct-action provision of 28 U.S.C. § 1332(c)(1). The direct-action provision states that,

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.

---

[2] The state citizenship of a natural person is equated with domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).
[3] A corporation is deemed a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

*Id.* If applicable here, Safe Auto would be deemed a citizen of Kentucky—the home state of its insured, Hagan. That result would destroy complete diversity and leave the Court without subject matter jurisdiction.

Congress added the direct-action provision to § 1332(c) in response to the enactment of direct-action statutes in several states. *Aetna Cas. & Sur. Ins. Co. v. Greene*, 606 F.2d 123, 125 (6th Cir. 1979). Those state statutes allow an injured party to sue an out-of-state insurer without joining the in-state insured. *Id.* By abolishing the injured party's obligation to join the non-diverse insured, direct-action statutes caused the civil dockets of federal courts to swell with cases based on diversity of citizenship—a problem remedied by the amendment of § 1332(c). *Id.*

"Kentucky is not a direct action jurisdiction." *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 807–08 (Ky. 1991) (citing *Cuppy v. Gen. Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 631–32 (Ky. 1964)). Plaintiffs cannot escape federal court by arguing that their Kentucky claims form a direct action. *Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 866 (W.D. Ky. 2002). Accordingly, the direct-action provision of § 1332(c)(1) will not apply. *Id.* The parties remain completely diverse, and Safe Auto's allegation that the amount in controversy exceeds the jurisdictional minimum as to Seaman and Hagan stands unchallenged. The Court therefore will continue to exercise subject matter jurisdiction.

Of course, the previous discussion calls into question Seaman's standing to claim under Hagan's insurance policy. In the briefing, Plaintiffs' counsel refers to an assignment of rights, but the pleadings and record contain no evidence of such an assignment. (Mem. in Supp. of Mot. to Remand, DN 7-1, at 2.) If Hagan did assign his rights under the policy to Seaman, then Hagan's role as a party to this litigation is questionable. The Court has no information at this point of what rights Hagan may have assigned, what rights he may have retained, and what

consideration may have flowed due to an assignment. The situation is made more complicated by the fact that Seaman and Hagan are represented by the same attorney. Plaintiffs must clarify their individual standing with respect to each claim. Otherwise, the claims will be subject to dismissal.

### B. Discretion to Entertain Actions for Declaratory Judgment

Though diversity jurisdiction is present, Plaintiffs ask the Court to decline to entertain this action based on the discretion afforded by the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* The Declaratory Judgment Act states,

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

*Id.* § 2201(a) (emphasis added). The statute "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). By enacting that statute, Congress "created an opportunity, rather than a duty, to grant a new form of relief." *Id.* at 288. In deciding how to exercise its discretion, the Court normally weighs the factors articulated in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984),[4] and the sub-factors first set forth in *Scottsdale Insurance Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).[5]

---

[4] The Sixth Circuit directs district courts to consider the following factors in determining whether a request for declaratory relief should be entertained:
    (1) whether the declaratory action would settle the controversy;
    (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
    (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
    (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
    (5) whether there is an alternative remedy which is better or more effective.

But such extensive discussion is unnecessary here. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Plaintiffs, however, request more than a simple declaration of the rights they may or may not hold against Safe Auto. Plaintiffs also seek recovery of monetary damages—both compensatory and punitive. (Compl., DN 1-1 at 4–5.) The discretion to issue declaratory relief, by itself, is an insufficient ground for declining jurisdiction over an action that includes a related demand for monetary damages:

> When a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court *must address*, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay or dismissal would not save any judicial resources.

*Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 422 (6th Cir. 2007); *accord Farris v. State Farm Ins. Co.*, 617 F. Supp. 2d 654, 659 (N.D. Ohio 2008).

Judicial economy counsels against declining jurisdiction because the claims for which Plaintiffs seek damages are the same claims for which they seek declaratory relief. *Adrian*, 481 F.3d at 422. Plaintiffs demand damages for injuries arising from breach of contract, bad faith, and various statutory violations. (Compl., DN 1-1, ¶¶ 14, 27–31.) The Complaint mentions declaratory relief only once, praying for "a declaration that Safe Auto is obligated to Plaintiffs

---

*Grand Trunk*, 746 F.2d at 326 (citation omitted) (formatting altered).
[5] When assessing the fourth *Grand Trunk* factor—whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction—the following sub-factors must also be considered:
> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814–15 (6th Cir. 2004) (quoting *Roumph*, 211 F.3d at 968).

under the Policy for the injuries outlined above." (Compl., DN 1-1, at 5.) For that reason, declining jurisdiction under the Declaratory Judgment Act is improper, and Plaintiffs' motion to remand will be denied.[6]

### III. CONCLUSION

For the reasons stated above, the Court will deny Plaintiffs' motion to remand (DN 7), and it will grant Safe Auto's motion for leave to file a surreply (DN 14). The Court will also require each Plaintiff to file and serve on opposing counsel all documents supporting his standing for each claim asserted and a memorandum of law explaining his position. A separate order will be entered this date in accordance with this Memorandum Opinion.

June 24, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[6] Plaintiffs cite *Estate of Ferrell v. J & W Recycling, Inc.*, No. 0:13-CV-168-HRW, 2014 WL 1744835 (E.D. Ky. Apr. 30, 2014), as their principal authority in support of remand based on the Declaratory Judgment Act. *Ferrell*, however, did not involve a demand for damages along with the request for declaratory relief. Therefore, *Ferrell* is distinguishable from the present case.